71,444-03

STEPHEN BRANDON #1358835
MARK W. STILES UNIT
3060 FM 3514
BEAUMONT, TEXAS 77705

This document contains some pages that are of poor quality at the time of imaging.

TO: CLERK, TEXAS COURT of CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

RE: STATE of TEXAS V. STEPHEN BRANDON
CAUSE NO. 05 CR 1167

DEAR SIR/MADAME:

ENCLOSED IS THE ORIGINAL AND ONE COPY of PETITIONER'S MOTION for DISCOVERY, WITH WRIT of MANDAMUS. PLEASE file THIS AND bring iT TO THE ATTENTION of THIS HONORABLE COURT.

THANK YOU, for YOUR ASSISTANCE IN THIS MATTER.

RESPECTFULLY,
Stephen Brandon
STEPHEN BRANDON, PRO SE
TDCJ-ID# 1358835

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 09 2015

Abel Acosta, Clerk

TRIAL COURT No. 05CR1167

IN THE

COURT of CRIMINAL APPEALS

AUSTIN, TEXAS

---

IN RE: STEPHEN BRANDON § PETITIONER

VS. §

STATE of TEXAS § RESPONDENT

## MOTION for LEAVE TO FILE PETITION for WRIT of MANDAMUS

To THE HONORABLE JUDGE(s) of said COURT: COMES NOW, STEPHEN BRANDON PETITIONER HEREIN, RESPECTFULLY MOVES THIS HONORABLE COURT for LEAVE TO FILE THE ATTACHED PETITION for WRIT of MANDAMUS.

Stephen Brandon

STEPHEN BRANDON

TDCJ# 1358835

MARK W. STILES UNIT

3060 FM 3514

BEAUMONT, TEXAS 77705

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 09 2015

Abel Acosta, Clerk

DATE: December 19, 2014

CAUSE No. 05CR1167

STEPHEN BRANDON § IN THE 405th JUDICIAL
TDCJ-ID# 1358835 §
    RELATOR § DISTRICT COURT of
§
V. §
§
  JOHN D. KINARD § GALVESTON COUNTY, TEXAS
COUNTY DISTRICT CLERK §

## A. <u>PLAINTIFF'S ORIGINAL APP. for WRIT of MANDAMUS</u>

TO THE HONORABLE JUDGE of Said COURT:

COMES NOW, STEPHEN BRANDON, RELATOR, PRO SE IN THE ABOVE-STYLED AND NUMBERED CAUSE of ACTION AND FILES THIS ORIGINAL APP. for WRIT of MANDAMUS, for MOTION for DISCOVERY, PURSUANT TO FEDERAL RULES CRIM. PROC. RULE 16(E), AND WOULD SHOW THE COURT THE following:

I.

## B. <u>RELATOR</u>

1.01 STEPHEN BRANDON, TDCJ#1358835 is AN OFFENDER INCARCERATED IN THE TEXAS DEPT. of CRIMINAL JUSTICE AND IS APPEARING PRO SE, WHO CAN BE LOCATED AT MARK W. STILES UNIT, 3060 FM 3514, BEAUMONT, TX. 77705, JEFFERSON CO.

1.02  Relator has exhausted his remedies and has no other adequate remedy at law.

1.03  The act sought to be compelled is ministerial, not discretionary in nature. TCCP Art. 11.07 Section 3(c) requires respondent to immediately transmit to the Court of Criminal Appeals a copy of the motion for discovery, any answers filed, and a certificate reciting the date upon which that finding was made, if the court decides that there are no issues to be resolved. No copy of the motion for discovery, any answers filed, and a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by respondent as required by statute, Relator would have received notice from the Court of Criminal Appeals.

## II.

C. RESPONDENT

201  Respondent, John D. Kinard, in his capacity as District Clerk of Galveston County, Texas has a ministerial duty to recieve and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to TCCP. ~~11.07 Section~~ Art. 2.21,

AND IS RESPONSIBLE UNDER TCCP. 11.07 SECTION 3 (c) TO IMMEDIATELY TRANSMIT TO THE COURT OF CRIMINAL APPEALS a COPY OF THE MOTION FOR DISCOVERY, ANY ANSWERS FILED, AND a CERTIFICATE RECITING THE DATE UPON WHICH THAT FINDING WAS MADE IF THE CONVICTING COURT DECIDES THAT THERE ARE NO ISSUES TO BE RESOLVED. JOHN D. KINARD, DISTRICT CLERK, GALVESTON COUNTY MAY BE SERVED AT HIS PLACE OF BUSINESS AT THE JUSTICE CENTER 600 59TH ST. STE. 4001, GALVESTON, TEXAS 77551.

## III.

D. **VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE**

3.01 THE RESPONDENT VIOLATED ARTICLE 11.07 SECTION 3(c) OF THE TEXAS CODE OF CRIMINAL PROCEDURE BY FAILING TO PROVIDE a COPY OF THE MOTION FOR DISCOVERY, ANY ANSWERS FILED, AND a CERTIFICATE RECITING THE DATE UPON WHICH THAT FINDING WAS MADE TO THE COURT OF CRIMINAL APPEALS WITHIN THE TIME PRESCRIBED BY LAW AND WITHIN REASONABLE TIME FROM THE DATE ON WHICH THE DOCUMENTS WERE REQUESTED TO BE TRANSMITTED.

3.02 Requests for the transmittal of the motion for discovery were made by Relator to Jason Murray, District Clerk, Galveston County, by mailed letters dated 5-22-2012, pursuant to Article 11.07 Section 3(c) of the Code of Criminal Procedure. True and accurate copy of the above letters are attached hereto as Exhibit A thru C and are incorporated by reference herin for purposes.

3.03 To date, Relator has recieved no response from respondent regarding Relator's request for transmittal of a copy of the motion for discovery, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals.

3.04 As clear from Relator's letters, Relator has put respondent on notice that Relator seeks the transmittal of a copy of the motion for discovery, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals to act and that such records are required by the Court of Criminal Appeals to act on Relator's motion for discovery.

RELATOR HAS GONE BEYOND ANY REQUIREMENT OR obligations imposed upon him by THE TEXAS CODE of CRIMINAL PROCEDURE. IN CONTRAST TO RELATOR's efforts, RESPONDENT HAS WHOLLY failed TO COMPLY WITH THE TEXAS CODE of CRIMINAL PROCEDURE, ARTICLE 11.07 SECTION 3(c), is ACTING IN bad faith, and has also failed TO afford RELATOR THE PROFESSIONAL and COMMON COURTESY of ANY WRITTEN RESPONSES TO his CORRESPONDENCE and REQUEST.

3.05     ARTICLE 11.07 SECTION 3(c) CLEARLY STATES THAT "if THE CONVICTING COURT DECIDES THAT THERE ARE NO SUCH ISSUES, <u>THE CLERK SHALL IMMEDIATELY TRANSMIT</u> TO THE COURT of CRIMINAL APPEALS a COPY of THE MOTION, ANY ANSWERS, filed, AND a CERTIFICATE RECITING THE DATE UPON WHICH THAT finding WAS MADE. Failure of THE COURT TO ACT WITHIN THE ALLOWED 20 DAYS SHALL CONSTITUTE SUCH a finding." TEXAS CODE of CRIMINAL PROCEDURE ARTICLE 11.07 SECTION 3(c). RESPONDENT IS IN VIOLATION of THIS PROCEDURE, MINISTERIAL DUTIES, AND THUS THE LAWS of THIS STATE.

# IV.

D. <u>Prayer for Relief</u>

WHEREFORE, PREMISES CONSIDERED, RELATOR, STEPHEN BRANDON, PRO SE, RESPECTFULLY REQUESTS a FINDING THAT THE RESPONDENT did NOT TRANSMIT documents TO THE COURT of Criminal APPEALS WITHIN a REASONABLE TIME after THE DATE THEY WERE REQUESTED and THAT RELATOR brought THIS LITIGATION iN GOOD faith and HAS SUBSTANTIALLY PREVAILED.

RELATOR PRAYS for AN ORDER directing RESPONDENT TO TRANSMIT COPY of THE MOTION for DISCOVERY, ANY ANSWERS fILED, and a CERTIFICATE RECITING THE DATE UPON WHICH THAT fiNDING WAS MADE TO THE COURT of CRIMINAL APPEALS as directed iN ARTICLE 11.07 SECTION 3 (c) of THE TEXAS CODE of Criminal PROCEDURE, AND AS REQUESTED iN RELATOR'S lETTERS, EXHiBiTS A thru Q, and a COPY of THE MOTION for DISCOVERY.

RESPECTfully SUBMiTTED,

BY: _____Stephen Brandon_____
RELATOR

THE STATE OF TEXAS                    §
COUNTY OF JEFFERSON                   §

E.  AFFIDAVIT

I SWEAR UNDER OATH THAT THE facts AND ALLEGATIONS IN THE ABOVE APPLICATION for WRIT of MANDAMUS ARE TRUE AND CORRECT.

_Stephen Brandon_
RELATOR

SIGNED UNDER OATH BEFORE ME, ON THIS THE _____ DAY OF _____, 2014.

_____
NOTARY Public IN AND for THE STATE of TEXAS

_____
PRINTED OR TYPED NAME
MY COMMISSION EXPIRES _____

F.  CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE COPY of THE ABOVE APPLICATION for WRIT of MANDAMUS WAS SERVED ON ABEL ACOSTA by PLACING a COPY IN THE U.S. MAIL ADDRESSED TO: ABEL ACOSTA, DISTRICT CLERK ON THIS THE _19th_ DAY of _December_ 2014.

_Stephen Brandon_
RELATOR

CAUSE No. 05CR1167

STEPHEN BRANDON                    IN THE 405ᵗʰ JUDICIAL
TDCJ-ID# 1358835
        RELATOR                    DISTRICT COURT OF

V.                                 GALVESTON COUNTY, TEXAS

JOHN D. KINARD. COUNTY DISTRICT CLERK
        RESPONDENT

### ORDER

ON THIS DAY. CAME ON TO BE HEARD THE FOREGOING RELATOR'S APPLICATION FOR WRIT OF MANDAMUS AND IT APPEARS TO THE COURT THAT SAME SHOULD BE:

_____ GRANTED

IT IS THEREFORE ORDERED THAT THE DISTRICT CLERK SHALL IMMEDIATELY TRANSMIT TO THE COURT OF CRIMINAL APPEALS a COPY OF THE MOTION FOR DISCOVERY. ANY ANSWERS FILED. AND a CERTIFICATE RECITING THE DATE UPON WHICH THAT TRANSMITTAL WAS MADE.

SIGNED ON THIS THE _____ DAY OF _____ 2014.

_____
PRESIDING   JUDGE

## NOTICE

## INMATE NOTARY PUBLIC SERVICE

Under both Federal Law (28 U.S.C. § 1746) and State Law (V.T.C.A. Civil Practice & Remedies Code, & 132.001-132.003), inmate incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, clarification, oath, or affidavit sworn before a Notary Public. An example of an unsworn declaration is as follows:

### Unsworn Declaration

I, Offender _Stephen Brandon_, TDCJ Number _1358835_ am presently incarcerated at the **Mark W. Stiles Unit** of the Texas Department of Criminal Justice in **Jefferson County, Texas** declare under penalty of perjury that the above is true and correct.

Signed on the _19th_ day of _December_ 20 _14_.

_STEPHEN BRANDON_
Printed Name

_Stephen Brandon_
Signature

CAUSE No. 05CR1167

THE STATE OF TEXAS § IN THE 405TH DISTRICT

VS. § COURT OF

STEPHEN BRANDON § GALVESTON COUNTY, TEXAS

## Motion for Discovery
## Pursuant to Fed. Rules Crim. Proc. Rule 16(E)

COMES NOW, STEPHEN BRANDON, APPLICANT, IN THE ABOVE STYLED AND NUMBERED CAUSE, PROCEEDING PRO SE AND PURSUANT TO TEXAS RULES APP. PROC., RULE 34, FILES THIS MOTION FOR DISCOVERY, PURSUANT TO THE FEDERAL RULES CRIMINAL PROCEDURE, RULE 16(E).

### I.

APPLICANT REQUESTS THE COURT CONSTRUES APPLICANT'S INARTFUL PLEADING LIBERALLY, AS HAINES V. KERNER, 404 U.S. 519, 92 S.CT. 594, 30 L.ED. 2d 652 (1972), INSTRUCTS THE COURTS TO DO IN PRO SE ACTION. IT STATES A CAUSE of action, (DUE PROCESS).

## II.

APPLICANT IS REQUESTING A COPY OF DONNA BROWN'S PRIVATE INVESTIGATOR'S REPORT, WHO WAS APPOINTED BY THE 405TH DISTRICT COURT OF GALVESTON COUNTY, TEXAS. TO INVESTIGATE FOR TRIAL ON DEFENDANT'S BEHALF IN CAUSE NO. 05CR1167. THIS REPORT IS EXCULPATORY AND MITIGATING EVIDENCE, THAT IS IN THE POSSESION OF THE GALVESTON COUNTY DA'S OFFICE. I HAVE THRU DUE DILIGENCE, NOT ONLY BY MOTION FOR DISCOVERY, BUT ALSO BY LETTER TO THE HON. JUDGE WAYNE MALLIA, ASST. DISTRICT ATTORNEY LARRY DROSNES, AS WELL AS A LETTER TO AT THE TIME DIST. CLERK, JASON MURRAY, AND MY NIECE AMARIS KINSEY, WHICH WILL ACCOMPANY THIS MOTION AS EXHIBITS. IT IS THE DUTY OF THE STATE TO PROVIDE AND disclose THIS EXCULPATORY EVIDENCE TO THE DEFENDANT, RATHER REQUESTED OR NOT, WHICH IS SUPPORTED BY THE FOLLOWING CASE LAW: CITING, UNITED STATES v. BAGLEY, 105 S.CT. 3375, ALSO SEE UNITED STATES

v. AGURS, 96 S.CT. 2392, KYLES v. WHITLEY, 115 S.CT. 1555. ALSO GIGLIO V. U.S., 92 S.CT. 763. THE FACT THAT THIS EVIDENCE IS THE DUTY OF THE STATE TO DISCLOSE EXCULPATORY EVIDENCE IS ALSO SUPPORTED bY THE TEXAS CODE CRIM. PROC. ART. 2.01. NOTE 11.

## III.

THUS, THE IMPEACHING POWER OF THE EXCULPATORY EVIDENCE THAT APPLICANT IS RE-QUESTING: CITING, WILSON V. WHITLEY, 28 F.3d 433 (5TH. CIR. 1994), DEFENDANT'S FUNDAMENTAL RIGHTS OF DUE PROCESS WERE VIOLATED bY NON-DICLOSURE OF EVIDENCE THAT IMPEACHED THE RELIABILITY AND CREDIBILITY OF A KEY WITNESS, WOULD HAVE TOTALLY CHANGED THE OUTCOME OF THE TRIAL. THEREFORE IN THIS INSTANT CASE, a fair TRIAL WAS NOT RECIEVED. DUE TO THE OMITTING OF THE MATERIAL AND EX-CULPATORY EVIDENCE. ON THE FOUNDATION OF THE LAW PRESENTED IN THIS MOTION. APPLICANT IS REQUESTING AN EVIDENTARY HEARING TO RESOLVE THIS ISSUE.

In conclusion, not withstanding only to applicant's request for an evidentary hearing; citing Ex Parte Mitchell, 977 S.W. 2d 575: "When the state has failed to divulge direct exculpatory, or evidence having impeachment value, remedy is reversal of conviction and remand of cause to trial court for futher proceedings". Which upon granting of this motion, is the ultimate outcome that applicant is seeking.

## PRAYER

WHEREFORE PREMISES CONSIDERED, APPLICANT PRAYS THAT RELIEF bE GRANTED AS THIS HONORABLE JUDGE dEEMS NECESSARY, TO RESOLVE THE UNRESOLVED CONTROVERTED ISSUES MATERIAL TO THE LEGALITY of APPLICANT'S CONFINEMENT.

RESPECTFULLY SubMITTED,

*Stephen Brandon*

STEPHEN BRANDON, PRO SE
TDCJ-ID# 1358835

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON <u>Dec. 19</u>, 2014, a TRUE AND CORRECT COPY of APPLICANT'S MOTION FOR DISCOVERY, WAS MAILED TO THE COURT OF CRIMINAL APPEALS by U.S. FIRST CLASS MAIL, ADDRESSED TO ABEL ACOSTA, AT P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711.

*Stephen Brandon*
APPLICANT, PRO SE

## DECLARATION

I, STEPHEN BRANDON, TDCJ # 1358835, BEING PRESENTLY INCARCERATED IN THE MARK W. STILES UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION IN JEFFERSON COUNTY, TEXAS, VERIFY AND DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT. EXECUTED ON THIS THE <u>19th</u> DAY OF <u>December</u> 2014.

*Stephen Brandon*
STEPHEN BRANDON,
TDCJ # 1358835

EXECUTED ON THIS _____ DAY of _____

2014.

### ORDER

BE IT REMEMBERED, THAT ON THE _____ DAY of 2014, CAME TO BE CONSIDERED THE ABOVE AND FOREGOING MOTION TO TAKE JUDICIAL NOTICE of THE RECORDS, AND THE SAME IS HEREBY:

GRANTED _____

DENIED _____

SIGNED AND ORDERED ON THIS THE _____ DAY of _____ 2014.

_____
PRESIDING JUDGE

CAUSE No. 05CR1167

COPY                                             COPY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 405TH DISTRICT |
| VS. | § | COURT OF |
| STEPHEN BRANDON | § | GALVESTON COUNTY, TEXAS |

## Motion for Discovery
## Pursuant to Fed. Rules Crim. Proc. Rule 16(E)

COMES NOW, STEPHEN BRANDON, APPLICANT, IN THE ABOVE STYLED AND NUMBERED CAUSE, PROCEEDING PRO SE AND PURSUANT TO TEXAS RULES APP. PROC., RULE 34, FILES THIS MOTION FOR DISCOVERY, PURSUANT TO THE FEDERAL RULES CRIMINAL PROCEDURE, RULE 16(E).

### I.

APPLICANT REQUESTS THE COURT CONSTRUES APPLICANT'S INARTFUL PLEADING LIBERALLY, AS HAINES V. KERNER, 404 U.S. 519, 92 S.CT. 594, 30 L.ED. 2d 652 (1972), INSTRUCTS THE COURTS TO DO IN PRO SE ACTION. IT STATES A CAUSE OF ACTION. (DUE PROCESS).

## II.

APPLICANT IS REQUESTING A COPY of DONNA BROWN'S PRIVATE INVESTIGATOR'S REPORT, WHO WAS APPOINTED bY THE 405th DISTRICT COURT of GALVESTON COUNTY, TEXAS. TO INVESTIGATE for TRIAL ON defendant's behalf IN CAUSE NO. 05CR1162. THIS REPORT IS EXCULPATORY AND MITIGATING EVIDENCE, THAT IS IN THE POSSESION of THE GALVESTON COUNTY DA's office. I HAVE THRU DUE DILIGENCE, NOT ONLY bY MOTION for DISCOVERY, but ALSO bY LETTER TO THE HON. JUDGE WAYNE MALLIA, ASST. DISTRICT ATTORNEY LARRY DROSNES, AS WELL AS A LETTER TO AT THE TIME DIST. CLERK, JASON MURRAY, AND MY NIECE AMARIS KINSEY, WHICH WILL ACCOM-PANY THIS MOTION AS Exhibits. IT is THE DUTY of THE STATE TO PROVIDE AND disclose THIS EXCULPATORY EVIDENCE TO THE defendant, RATHER REQUESTED OR NOT, WHICH IS SUPPORTED bY THE following CASE LAW: CITING, UNITED STATES v. BAGLEY, 105 S.CT. 3375, ALSO SEE UNITED STATES

v. AGURS, 96 S.CT. 2392. KYLES v. WHITLEY, 115 S.CT. 1555. ALSO GIGLIO v. U.S., 92 S.CT. 763. THE FACT THAT THIS EVIDENCE IS THE DUTY OF THE STATE TO DISCLOSE EXCULPATORY EVIDENCE IS ALSO SUPPORTED bY THE TEXAS CODE CRIM. PROC. ART. 2.01. NOTE 11.

## III.

THUS, THE IMPEACHING POWER OF THE EXCULPATORY EVIDENCE THAT APPLICANT IS REQUESTING: CITING, WILSON v. WHITLEY, 28 F.3d 433 (5TH. CIR. 1994), DEFENDANT'S FUNDAMENTAL RIGHTS OF DUE PROCESS WERE VIOLATED bY NON-DICLOSURE OF EVIDENCE THAT IMPEACHED THE RELIABILITY AND CREDIBILITY OF A KEY WITNESS, WOULD HAVE TOTALLY CHANGED THE OUTCOME OF THE TRIAL. THEREFORE IN THIS INSTANT CASE, A fair TRIAL WAS NOT RECIEVED. DUE TO THE OMITTING OF THE MATERIAL AND EXCULPATORY EVIDENCE. ON THE FOUNDATION OF THE LAW PRESENTED IN THIS MOTION. APPLICANT IS REQUESTING AN EVIDENTARY HEARING TO RESOLVE THIS ISSUE.

IN CONCLUSION, NOT WITHSTANDING ONLY TO APPLICANT'S REQUEST FOR AN EVIDENTARY HEARING; CITING Ex PARTE MITCHELL, 977 S.W. 2d 575: "WHEN THE STATE HAS FAILED TO dIVULGE dIRECT EXCULPATORY, OR EVIDENCE having IMPEACHMENT VALUE, REMEDY IS REVERSAL of CONVICTION AND REMAND of CAUSE TO TRIAL COURT for FUTHER PROCEEDINGS". WHICH UPON GRANTING of THIS MOTION, IS THE ULTIMATE OUTCOME THAT APPLICANT IS SEEKING.

## PRAYER

WHEREFORE PREMISES CONSIDERED, APPLICANT PRAYS THAT RELIEF BE GRANTED AS THIS HONORABLE JUDGE deEMS NECESSARY, TO RESOLVE THE UNRESOLVED CONTROVERTED ISSUES MATERIAL TO THE LEGALITY of APPLICANT'S CONFINEMENT.

RESPECTFULLY SUBMITTED,

*Stephen Brandon*

STEPHEN BRANDON, PRO SE
TDCJ-ID# 1358835

COPY          COPY

## CERTIFICATE of SERVICE

I HEREBY CERTIFY THAT ON Dec. 19, 2014, a TRUE AND CORRECT COPY of APPLICANT'S MOTION for DISCOVERY, WAS MAILED TO THE COURT of CRIMINAL APPEALS by U.S. FIRST CLASS MAIL, addressed TO ABEL ACOSTA, AT P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711.

*Stephen Brandon*
APPLICANT, PRO SE

## DECLARATION

I, STEPHEN BRANDON, TDCJ# 1358835, being PRESENTLY INCARCERATED IN THE MARK W. STILES UNIT of THE TEXAS DEPARTMENT of CRIMINAL JUSTICE – INSTITUTIONAL DIVISION IN JEFFERSON COUNTY, TEXAS, VERIFY AND DECLARE UNDER PENALTY of PERJURY THAT THE foregoing STATEMENTS ARE TRUE AND CORRECT. EXECUTED ON THIS THE 19th DAY of December 2014.

*Stephen Brandon*
STEPHEN BRANDON,
TDCJ# 1358835

EXECUTED ON THIS _____ DAY of _____ 2014.

## ORDER

BE IT REMEMBERED, THAT ON THE _____ DAY of 2014, CAME TO BE CONSIDERED THE ABOVE AND FOREGOING MOTION TO TAKE JUDICIAL NOTICE of THE RECORDS, AND THE SAME IS HEREBY:

GRANTED _____

DENIED _____

SIGNED AND ORDERED ON THIS THE _____ DAY of _____ 2014.

_____
PRESIDING JUDGE

# EXHIBITS
## AND
## Affidavits

March 7, 2012

Mr. Murray

This is the first of several correspondence that I will be sending to you. I am requesting your help and I know its necessary to go thru the proper channels and procedures. I am writing to you in hopes of acquiring a copy of a report that was made by Donna Brown, a private investigator who was appointed to my case by the 405th district court, Judge Wayne Mallia, in cause no. 05CR1167. This report which is in the possesion of the Galveston County DA's office is exculpatory evidence, which was not presented at the time of my trial in March of 2006. As a Pro Se litigant, I am or should I say have a right to this information to effectively present my case to the courts. UNITED STATES V. BAGLEY, 105 S. CT. 3375, ALSO UNITED STATES V. AGURS, 96 S.CT. 2392 and see KYLES V. WHITLEY 115 S.Ct. 1555, along with Brady v. Maryland, ensure me that exculpatory evidence which it is the goverment has a duty to disclose this information to me. I know this report exists because I have viewed it but never recieved a copy nor was this report made known to the court or jury in my case. I'm looking forward to your response in this matter, and I am prepared to file a motion for Discovery and Inspection to this effect.

I am requesting your assistance in this matter so justice can be served in my case. I appreciate your attention and time in this matter, and I thank you.

Respectfully,

Stephen Brandon #1358835

3/13/12

Mr Brandon - the district clerks office does not have access to the investigator report you are referring to.

Please send your request directly to the DA's office to see if they will provide you a copy. Thank you

March, 11, 2013

Hey Amarie:

Just a short note regarding our phone conversation. I pray you are well when you recieve this letter, and Thomas and Lamar as well. Here's the addresses and phone #'s for Private Investigator Donna Brown.

1.) 2910 N. Winfree St.
Dayton, TX. 77575
Phone #'s (936) 336-2154
(936) 257-8407

2.) 424 Main St.
Liberty, TX. 77575
Phone # (936) 336-2154

409
75.
6550

And you are calling in reference to case # 05CR1167, Stephen Brandon, in which she prepared a investigation report for my trial in March 2006. You would like to obtain a copy of the report. Added info is she prepared it for Attorney John Carrigan my defense attorney who is deceased at this time, also attorney Winston E. Cochran Jr. showed me a copy of the report prepared by Donna Brown, but never gave me a copy. I think thats all the info you need, and when you get time, get our cousin Fred Rowe's # and see which one of his sisters work for Al Sharpton. Thank you, Amarie for all your help.

Love Ya!!

Uncle Steve

March 20, 2012

Dear Hon. Judge Mallia,

I am writing to you to notify you of my intentions in this legal matter. I have been incarcerated since May 7, 2005, and was convicted in your court in March 2006, in cause NO. 05CR1167. I was convicted in your court of murder, which was self-defense. I was represented by Attorney John Carrigan, who is now deceased. I have been trying to obtain the private investigator's report prepared by Donna Brown, who was appointed to my case by your court. This report which contains exculpatory evidence, was withheld at trial. It was and is a 14th Amend. due process violation. No attorney who has represented me has tried to obtain this report, including Winston E. Cochran, Jr., who presented it to me 2½ yrs. later, at the Mark W. Stiles Unit, in Beaumont, Texas. This evidence is in the possession of the DA's office. I am proceeding Pro Se, since I am no longer represented by any attorney, to obtain this evidence. I have already written to the District Clerk, who responded, informing me to contact the District Attorney's office. I have filed a Motion for Discovery in your court, which I have received no response.

Respectfully Submitted,

Stephen Brandon 1358835
Mark.W. Stiles Unit

March 25, 2012

Mr. Drosnes,

I am writing to you in accordance with Federal Rules of Criminal Procedure, Rule 16(E). I am requesting a copy of Donna Brown's report which was given to you by my trial atty. John Carrigan, in cause no. 05CR1167, who is now deceased. Six years have passed and I am proceeding Pro Se, in my quest for justice. Atty. Winston E. Cochran Jr. notified me of the reports existence on November 13, 2008, at the Mark W. Stiles Unit, in Beaumont, Texas. This report which is exculpatory in nature, was withheld at my trial, and would have impeached the testimony of the State's only alleged eye witness, Rita Wells. The contents of this report was never presented to the court or jury, which as you know would have changed the outcome of the trial. This withholding of exculpatory evidence did not allow me to have a fair trial. The last seven yrs. of my life have been taken without respect to justice. I know its the duty of the state to disclose this exculpatory evidence to me citing:
United States v. Bagley, 105 S.CT. 3375, United States v. Agurs, 96 S.CT. 2392, Kyles v. Whitley, 115 S.CT. 155, also Brady v. Maryland, 83 S.CT. 1194. I am seeking justice and fairness according to the 14th amendment, of the United States Constitution.

I have already proceeded Pro Se, and filed a Motion for Discovery in this matter. I am not seeking any favors, only the due process guaranteed by the 14th Amend. of the U.S. Constitution. This exculpatory evidence would have truly changed the outcome of my trial, which would have been a fair one if this evidence would have been revealed to the court and jury. This letter is merely to inform you of my intentions, and to seek justice at all costs.

Cordially,

Stephen Brandon 1358835
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

## Affidavit of Amaris Kinsey

I, Amaris Kinsey am above the age of 18, and of sound mind, do declare that the following information is true and correct to the best of my knowledge.

I, Amaris Kinsey, have been assisting my uncle, Stephen Brandon, in trying to obtain a copy of the private investigators report, for his case that was prepared by investigator, Donna Brown. Brown, was the investigator who was appointed to his case by the 405th District Court of Galveston County. I have spoken to Donna Brown, the investigator on the phone as well as Atty. Winston E. Cochran Dr., who was representing Stephen Brandon at the time. Cochran showed the report to Stephen Brandon, but never as promised gave a copy of the report to Stephen. I did in fact, speak to Investigator Brown, and she claimed that she had moved her office from Dayton to Liberty, TX and lost her files and was not able to deliver a copy of the requested report at this time . I have made several attempts since this time to locate Donna Brown, or obtain the report from Atty. Cochran, but with no success.

This statement is true and correct to the best of my knowledge.

Respectfully,

_Amaris Kinsey_

Amaris Kinsey

Sworn before me this _9th_ day of ___Dec___ 2014.

_MV Patel_

Signature of Notary Public

MUKESHBHAI V. PATEL
My Commission Expires
February 2, 2016

## Affidavit of Crystal Lucas

I, Crystal Lucas, am above the age of 18, and of sound mind, do declare that the following information is true and correct to the best of my knowledge.

I, Crystal Lucas, have been assisting my brother, Stephen Brandon, in trying to obtain a copy of the private investigators report, for his case that was prepared by investigator, Donna Brown. Brown, was the investigator who was appointed to his case by the 405th District Court of Galveston County. I have not personally spoken to Donna Brown, the investigator on the phone but have spoken to Attorney. Winston E. Cochran Jr., who was representing Stephen Brandon at the time. Cochran showed the report to Stephen Brandon, but never as promised gave a copy of the report to him. I have made several attempts since this time to obtain the report from Attorney Cochran, but with no success. There is exculpatory evidence within this report that is favorable to Stephen's defense.

This statement is true and correct to the best of my knowledge.

Respectfully,

_Crystal Lucas_
Crystal Lucas

Sworn before me this ___ day of _December_ 2014.

_Signature_
Signature of Notary Public

MAURICE ROSS
Notary Public, State of New York
No. 01RO6276894
Qualified in Onondaga County
Commission Expires 02/25/20___